†NORWOOD (VILLAGE) v. MODEL BUILDING ASS'N ET AL.

**THE 25 PER CENT. LIMITATION APPLIES.**

Although sections 2334a, 2334b and 2334c, Rev. Stat., contain no reference to the limitation of 25 per cent., yet there is nothing to show that this limitation does not apply to improvements of sidewalks. They are in fact improvements of a street.

Error to the Court of Common Pleas of Hamilton County.

SMITH, J.

The question presented to us by counsel is this: whether when sidewalks are constructed under the provisions of sec. 2334a, 2334b and 2334c, Rev. Stat., known as the "Richardson law," passed April 2, 1889 (86 O. L., 175), the assessment therefor, on the lots abutting on such improvement, for the one half of the cost thereof, is limited as to the amount, by the provisions of sec. 2271 and sec. 2283, Rev. Stat.; that is, whether in the case of a corner lot in the village of Norwood, which lot had within the five years next preceding the construction of this particular sidewalk, been assessed for the improvement of the two streets on which the lot abutted, for more than 25 per cent. of the value thereof after such improvements had been completed, could be made liable for an additional assessment for the construction of such sidewalk under the provisions of these sections of the Richardson law.

We are of the opinion that it can not legally be so assessed. By these secs. 2271 and 2283, the general assembly in providing for the assessment of property in municipal corporations, for improvements for public purposes, has undertaken to discharge the duty imposed upon it by sec. 6 of art. 13 of the constitution, viz.: to restrict the power of taxation and assessment by cities and incorporated villages, "so as to prevent the abuse of such power." Sections 2334a, 2334b and 2334c appear in the same subdivision with sections 2271 and 2283, under the general head of assessments, and though they contain no reference to the limitation of 25 per cent., yet as there is nothing anywhere to show that this limitation does not apply to improvements of sidewalks, it must be held that such limitation applies to such improvements as well as to those made under the other sections of the law. They are in fact improvements of the street, as much as those made on the driveway, and so far as we can see, there is the same reason and necessity for a limitation of the amount of an assessment for improving the one as the other.

It is very questionable whether this question is properly raised by the record. We do not understand that the judgment of the court in the case is one in which under the provisions of sec. 5205, the conclusions of fact have been found separately from the conclusions of law, and there was no bill of exceptions containing the evidence or the agreed statement of facts. But we have not placed the decision of the court on this ground, but have decided the question argued, as if it was properly raised.

The judgment of the common pleas will be affirmed.

Wm. E. Bundy, for the village.

A. C. Shattuck, contra.

†This case in the supreme court was dismissed for want of preparation, December 17, 1895, 3 Legal News, 49.